Nov. Term,
1827.

DURHAM
·v.
MUSSELMAN.

---

## DURHAM v. MUSSELMAN.

A declaration contained two counts. The 1st stated that the defendant, on his unenclosed land in the county, cut a tree so that it was nearly ready to fall, and set it on fire; and that the tree afterwards fell upon and killed the plaintiff's horse. The 2d count stated, that the defendant, knowing the plaintiff's horse to be running at large in the unenclosed lands of the county, and maliciously contriving to injure the plaintiff, unlawfully and negligently cut a tree in the county and set it on fire; and that the tree afterwards, in consequence of the cutting and burning, fell upon and killed the plaintiff's horse.

*Held*, that the declaration contained no cause of action.

Friday,
November 9.

ERROR to the *Johnson* Circuit Court.

HOLMAN, J.—*Durham*, in his declaration against *Musselman*, charges in the first count that *Musselman*, on his unenclosed land in *Johnson* county, cut a large tree so that it was nearly ready, and always liable to fall, and then built a fire around it, and negligently and unlawfully left it burning, and always liable to fall; which tree, afterwards, on the same day, fell upon and killed the mare and colt of the plaintiff. In the second count, he states that his mare and colt were running at large,

in the unenclosed lands in *Johnson* county, and that the defendant knowing the same, but contriving maliciously to injure the plaintiff, unlawfully, carelessly, and negligently, cut a large tree in *Johnson* county, and then built a fire around said tree, and left the same always liable to fall; which tree, by the said cutting and burning, afterwards, on the same day, fell upon and killed the said mare and colt. To this declaration the defendant demurred and had judgment.

This case seems to rest in some measure upon the peculiar customs of this country. It is well known, that horses and cattle are permitted to run at large through the country, and particularly in the new settlements, in one of which this transaction took place; and are not considered as trespassing by entering the unenclosed lands of any person. So that the defendant cannot resist this action, on the ground that the mare and colt of the plaintiff were trespassing on his lands when they were killed. Nor can the defendant sustain his defence, even on the first count in the declaration, on his supposed natural right of doing what he pleases on his own land; for a man should so use his own property as not to injure the property of another. But this principle of common justice does not render a man liable, as a matter of course, for every injury another may sustain from his use of his own property. It is only when he deviates, either by intention or neglect, from the ordinary use of his property, that he can be considered liable for an injury thereby done to another. Even then, his liability depends on the nature of his act, and the probability that such an act would occasion an injury to another. If the act was unlawful, as laying a log in the highway, he would be liable for an injury done thereby, without any reference to the probability, that it would occasion that particular injury. But when the act is lawful, the liability of the actor, for an injury occasioned by it, depends, in the first place, on the question, whether the injury is the natural or probable consequence of the act, or is merely accidental. If the injury is the natural or probable consequence of the act, and such as any prudent man must have foreseen, it is but reasonable that the perpetrator of the act, should be held accountable for the injurious consequences. As, in the case of the man baiting his traps with flesh so near the highway, or the grounds of another, that dogs passing the

highway, or kept in another's grounds, are attracted into his traps, and thereby injured; he is liable for the injury. *Townsend* v. *Wathen*, 9 East, 277. In the second place, when the injury is accidental, the liability of the actor must depend on the degree of probability there was, that such an event would be produced by the act.

Testing this case, as it stands in the first count, by these rules, it is evident that the cutting or burning down of a tree, on a man's own land, whether enclosed or otherwise, is not an unlawful act. The charge in the declaration that it was unlawfully done, amounts to nothing, where there are no circumstances to warrant such a charge. In removing the heavy forests with which our lands are covered, we see it to be a very general practice, to girdle the trees, and leave them to die and fall according to the course of nature. If the trees so girdled fall upon the cattle of others, running at large, the person who girdled the trees is not liable for the injury. Every person suffering his cattle to run at large through the forest, must be considered as running the risk of their being killed by the trees so girdled. Another method used for the destruction of timber, is to employ fire for the removing of such trees as are susceptible of being felled by burning. This practice, though not so common as the former, and perhaps more dangerous, is by no means unlawful. The destruction of the cattle of others, is not the natural or probable consequence of such a practice. If cattle are thereby destroyed, it can only be considered as accidental; and the circumstances of the case would determine what degree of probability there was that such would be the consequence. The simple act of leaving a tree on fire, which must of necessity burn down in a short time, and which in its fall killed the plaintiff's mare and colt, is not such an act, under the existing state of things in this country, as would render the actor liable to the injured person. So that under the first count in the declaration, the plaintiff cannot maintain his action.

The second count presents the case a little differently. It does not state that the tree was on the lands of the defendant, but in *Johnson* county; but as it is not suggested in the declaration, nor pretended in argument, that the defendant had done any wrong as it respected the tree itself, or was infringing the

right of any person by molesting the tree, this difference in the two counts can make no difference in the defendant's liability. But this count states that the defendant, contriving maliciously to injure the plaintiff, cut the tree and set it on fire; but this cannot materially alter the case. The averment of malice has no connection with the injury of which the plaintiff complains. Had the injury been the natural or probable consequence of the act, a malicious design might have been connected with it. But to connect a malicious design to injure, with the burning of a tree in *Johnson* county, because the defendant knew that the plaintiff had a mare and colt running at large in *Johnson* county, seems to be forced and unnatural. We cannot have a definite idea of a design to injure, unconnected with some degree of probability, that the means made use of would effect the design. Although the plaintiff's mare and colt were running at large in *Johnson* county, yet the probability of injuring either of them by burning down a tree in that county, is so very remote, that we cannot connect it with the idea of design or contrivance. Many thousands of trees might have been left to burn down in that county, on the same day, without injuring the plaintiff's mare or colt. In order to have given materiality to the charge of malice, the declaration should have shown, that there was some degree of probability, that the burning down of the tree would have done the plaintiff an injury; as, that the tree stood near, and would probably fall where the defendant knew the plaintiff's mare and colt were usually, or frequently feeding, passing, or standing; and then the materiality of the charge of malice would depend on the degree of probability. Without showing some such probability of doing an injury, the charge of malice amounts to nothing. So that the action cannot be supported on either count in the declaration.

*Per Curiam.*—The judgment is affirmed with costs.

*Sweetser*, for the plaintiff.

*Wick*, for the defendant.