(Decided 10th July, 1873.)

THE BALTIMORE AND OHIO RAILROAD COMPANY *vs.* THOMAS BOTELER.

*Liability of a Railroad Company for not placing a Railing or other guard along the Supporting wall of an Embankment adjoining a Highway, or providing other protection against Accidents—Practice: Instruction—Inadmissible Evidence in an Action of Damages.*

The Balt. & Ohio R. R. Co., in the construction of its bridge across the Potomac river at Harper's Ferry, made an embankment or precipice twenty feet deep, extending from the end or abutment of the bridge along the river, and near the highway leading to the bridge. The embankment was supported by a wall erected by the company, the top of which was on a level with the highway and the contiguous ground; there was no railing or guards at and along the wall, or light to indicate the entrance to the bridge, or watchman for the protection of travellers. A person who had paid the toll collected by the company, in attempting to walk upon the bridge for the purpose of crossing about 9 o'clock at night, missed his way and fell over the embankment or precipice, sustaining serious injury. Between the highway leading to the bridge, and the retaining wall or edge of the precipice, there was a space of ground belonging to the Railroad company over which the person had to pass before he reached the place from which he fell, which was about ten or fifteen feet from the entrance to the bridge. The whole surface of the ground about the highway, up to the entrance to the

bridge, and out to the edge of the retaining wall, or verge of the precipice was levelled off smooth; there was nothing to indicate the location or line of the highway, or to distinguish it from the contiguous ground on the west side, and a deviation of a few steps in that direction precipitated the person over the wall. In an action by the injured person against the Railroad company, the latter contended that inasmuch as the accident did not happen upon the highway or the bridge, but on the private property of the defendant where, as it was alleged, the plaintiff had no right to be, he was not entitled to recover. HELD:

1st. That under the circumstances, the accidental deviation of the plaintiff from the highway, did not necessarily deprive him of the right of action.

2nd. That under the law it was the duty of the defendant in constructing its bridge and making the lateral embankments adjoining the highway, so to construct them as not to render the approach to the bridge along the highway dangerous for passengers by day or night; and a failure to perform this duty subjected it to liability for the consequences; provided the party thereby injured had used reasonable and ordinary care to avoid the danger.

On the trial of an action to recover damages for injuries sustained by the plaintiff from an accident caused by the alleged negligence of the defendant, where the facts are numerous, it is not proper to separate a few from their connection with others by which their force and meaning are, or may be materially modified, and ask the Court to instruct the jury that these enumerated facts are evidence to show a want of ordinary care on the part of the plaintiff in avoiding, and the exercise of due care by the defendant in preventing the accident by which the plaintiff was injured.

On the trial of an action to recover damages for injuries sustained by the plaintiff falling over an embankment, in consequence of the alleged negligence of the defendant, it is not competent for the latter, to enable the jury to ascertain the loss suffered by the plaintiff, and the amount of compensation to which he was entitled, to show that for a long time prior and up to the time of the injury, and since, he was a man of intemperate habits, and when intoxicated was unable to transact business, and by his excessive intemperance had greatly abused himself.

APPEAL from the Circuit Court for Washington County.

The nature of the case is stated in the opinion of the Court.

*Defendant's First Exception.*—At the trial of this case the plaintiff, to support the issues on his part joined, proved that on the night of the 21st of November, 1867, in

returning from Harper's Ferry to his home, near Wever-
ton, he missed the entrance to the bridge of the defendant,
provided for foot passengers, and walked over an abut-
ment or embankment some twenty feet high, placed there
by the defendant, and was greatly injured, and crippled
for life; that the defendant charged toll for crossing the
bridge, which was paid by the plaintiff; and further
proved that the accident happened about nine o'clock at
night; that the night was very dark; that no lights of
any kind were kept about the premises by the defendant
at that time; that the ground was levelled off, and the
wall of the abutment or embankment was level with the
ground, and had no railing or other structure to prevent
accident. The defendant then proved by W. S. Brashears
that he had known the plaintiff for twenty-five years, and
knew his habits; that on the night of the accident he saw
him about seven o'clock, in a barber's shop at Harper's
Ferry, very much intoxicated—he was quarrelling with
a stranger then being shaved. The defendant then offered
to prove by said witness that the plaintiff was a most
intemperate man for a long time before, and up to the
time of the injury; was an habitual drunkard during all
that time, and would become intoxicated whenever he
could get the liquor; that he often went to Harper's
Ferry, and never went there without becoming intoxicated
if he had money to get the liquor, and when intoxicated
was unable to attend to any business whatever.

To the proof so offered, the plaintiff objected, and the
Court, (MOTTER and PEARRE, J.,) sustained the objection,
and the defendant thereupon excepted.

*Defendant's Second Exception.*—The defendant, further
to maintain the issue on its part joined, offered to prove
by several witnesses that the plaintiff since his injury,
and up to the trial, had continued to be a very intemperate
man, often getting very drunk, and under the influence
of liquor whenever he could get it, and by his excessive

intemperance had greatly abused himself. To this offer of proof, the plaintiff objected and the Court sustained the objection. The defendant thereupon excepted.

*Defendant's Third Exception.*—The defendant then proved by E. Crowl, that on the evening of the accident between six and seven o'clock, he saw the plaintiff whom he had known for many years, leaning against the Galt House, a drinking saloon, intoxicated; and by Mr. McCarty, who was the toll collector on the bridge the night of the accident, that he saw the plaintiff about 8 o'clock entering the opening of the bridge from the Virginia shore, in a very intoxicated condition, staggering from side to side of the bridge, and persuaded him not to go across, telling him that in his condition it was a dangerous undertaking—that the plaintiff thereupon went back, the witness accompanying him beyond the bridge as far as the Y track. The defendant further proved by Mr. Woods, that during the spring following the accident, he asked the plaintiff how it happened, and he replied, "he could not tell anything about it; he did not know anything about it." Other evidence adduced at the trial will be found in the opinion of the Court.

The plaintiff offered eight prayers; the third, fourth, seventh and eight, of which the Court granted, the others it rejected. The following only, it is deemed proper to insert:

3d. That in considering the question of ordinary care and prudence on the part of the plaintiff, the jury have a right to take into consideration, together with the other facts of the case, the known and ordinary disposition of men to guard themselves against danger.

4th. That if the jury find from the evidence in this cause, that the plaintiff had used intoxicating drink on the night of the 21st of November, 1867; but shall further find that he was not drunk when he started from the Galt House, distant 75 or 85 feet from the bridge of the

defendant, such use of intoxicating drink is not evidence from which the jury may infer the want of ordinary care and prudence on his part.

The defendant submitted the following prayers:

1. If the jury shall believe from the evidence, that the injury complained of, happened to the plaintiff by falling from the retaining wall of the Y track of the Baltimore and Ohio Railroad, fifteen feet or more above the bridge, and that the place where the accident occurred *is not in nor a part of the highway,* then the plaintiff is not entitled to recover.

2. If the jury shall believe from the evidence, that the plaintiff fell from the retaining wall of the Y track of the defendant, beyond the bridge, at the place shown by the evidence in the case, (if the jury shall believe the same;) and shall also believe that the place where the accident happened is not a thoroughfare, and not in the highway, and not used by the public in approaching the bridge, but was owned, used and occupied by the defendant as a switch or track for its own use and purposes, separate and distinct from the bridge, that then the plaintiff is not entitled to recover.

3. If the jury shall believe from the evidence that the place where, as is alleged, the accident happened, was along the travelled path for footmen approaching the bridge from the passenger depot of defendant, or other point west of the bridge, going eastward to the mouth or south end of the bridge, but was beyond the travelled path for footmen, approaching the bridge from the Galt House, that then the plaintiff is not entitled to recover; provided the jury shall believe, at the time he received the injury complained of, he started from the Galt House to cross over the bridge.

4. If the jury shall believe from the evidence the facts set forth in the foregoing third prayer, that then the plaintiff is not entitled to recover, unless he exercised

ordinary care and diligence to prevent the injury complained of.

5. If the jury shall believe from the evidence, that the plaintiff started from the Galt House to cross the river on the bridge, and walked over the tracks of the Winchester Rail Road, and also over and across the highway leading into and across the bridge, and to a point fifteen feet, or more, west of and beyond the bridge, or to any other point west of the same, and to a place where the injury complained of happened, on the grounds of the defendant used for railroad purposes, and not appertaining to the bridge, and not being or belonging to any part of the highway ; and that the place where the injury happened, is not along the travelled path for footmen or other travellers approaching the bridge from the direction of the Galt House, that then the plaintiff is not entitled to recover.

6. If the jury believe the facts stated in the foregoing fifth prayer, that then the plaintiff is not entitled to recover, unless he exercised ordinary care and diligence to prevent the injury complained of.

7. If the jury shall believe the facts stated in the foregoing fifth prayer, and shall also further believe from the evidence, that the plaintiff, previous to the injury, had often crossed the bridge in going to and returning from Harper's Ferry, and was acquainted with the location and situation, and the ways over it, and the grounds and premises contiguous to and surrounding the bridge, and was admonished by defendant or its agent, on the night of, or just before, the accident, of the danger of crossing the bridge, that then he did not exercise that ordinary care and diligence which will entitle him to recover.

8. If the jury shall believe from the evidence, that the plaintiff, by his own negligence or want of care and caution, so far contributed to his misfortune ; that but for such negligence or want of ordinary care and caution on

his part, the misfortune and damage complained of would not have occurred, that then he is not entitled to recover.

9. If the jury shall believe from the evidence, that there was negligence on the part of the defendant; yet if they further believe that the plaintiff would have escaped the injury by the exercise of ordinary care and diligence on his part, that then he is not entitled to recover.

11. If the jury believe that the injury complained of occurred by reason of any degree of negligence on the part of the plaintiff, he is not entitled to recover, although there may have been concurrent negligence on the part of the defendant.

12. If the jury find that the plaintiff was intoxicated at the time he suffered the injury complained of in this cause, that the same is a circumstance to be considered by the jury upon the question of the due care to be exercised, required upon the part of the plaintiff in avoiding such injury, more or less strong, according to the degree of intoxication.

13. If the jury find that the plaintiff, by the use of ordinary care in passing on and along the highway connecting with the said bridge upon the Virginia shore, for the purpose of crossing the same to the Maryland shore, could have avoided such injury, then the plaintiff is not entitled to recover.

14. That if the jury find that there is no risk of danger or injury to any traveller using ordinary care in passing on and along the said highway connecting with the said bridge on the Virginia shore, for the purpose of crossing on the same to the Maryland shore, either by night or by day, by reason of there being no railing or other guards upon the wall at the place where it is alleged the plaintiff received the injury complained of, that then the plaintiff is not entitled to recover.

15. If the jury find the facts set forth in the fourteenth prayer, and further find that the plaintiff did not

use ordinary care in going in and along said highway, connecting with said bridge, for the purpose of crossing the same to the Maryland shore, and because of the want of the use of such ordinary care he received the injury complained of, that then he is not entitled to recover.

16. If the jury find that the injury complained of could have been avoided by the plaintiff by the use of ordinary care in going on and along the said highway, for the purpose of crossing the said bridge to the Maryland shore, that then the plaintiff is not entitled to recover ; although the jury should further find that the defendant was guilty of negligence in not putting up railing or other guards upon the wall, at the place where it is alleged the plaintiff received his injury.

17. If the jury find that the defendant built the retaining or water wall, over which it is alleged the plaintiff fell, and no railing or other guards thereupon, and that the same was built upon the defendant's own grounds ; and shall further find, that at the place upon said wall, where it is alleged the accident to the plaintiff occurred, such part of said wall was not connected with said highway, passing to and on said bridge, and was no part of said highway, or of an approach thereto ; and shall further find that said grounds extending from said retaining or water-wall south, to and including the said Y track, connecting the main stem of the Baltimore and Ohio Rail Road with the Winchester Branch, and thence all the grounds east to the said highway, for common travel, leading to the same over said bridge, were the grounds of the defendant, and for its own use, or for railroad purposes, and upon which there was no travelled highway for common travel by passengers or vehicles, but that all the same was made, prepared and used by the defendant for the purposes of its railroad ; and if the jury shall further find that the plaintiff was at the Galt House, on the eastern side of the said Winchester track, on the night the accident hap-

pened to him, and that he started thence upon said high-way to cross the river thereupon, and so starting crossed the said Winchester track and then crossed over the said highway and went upon the said grounds of the defendant as aforesaid, if the jury should so find them to be, and walked over said wall, at the place where it is alleged the said accident happened, and being upon the said grounds of the defendant, if the jury should find it, then the plaintiff is not entitled to recover.

18. If the jury find further, that the plaintiff, on the night he received the injury complained of, was intoxicated, and that as he was approaching said birdge to cross the same, and within a short time before said accident happened, he was met by the agent of the defendant and admonished of the danger of attempting to cross said bridge, and persuaded by him to return to Harper's Ferry, and went with him beyond the said bridge and beyond said retaining or water-wall, and then saw him returning upon said highway into the town, and that the plaintiff afterwards returned and received the injury complained of, that then these facts are evidence to show a want of ordinary care to be exercised by the plaintiff, and also evidence to show that the defendant was upon that occasion using due care in preventing accidents by reason of any defect in and about said bridge or said wall.

The Court granted the eighth, ninth, twelfth, fifteenth and sixteenth, the rest, with the exception of the tenth, which was withdrawn, it rejected, and gave, in addition the following instructions:

1. If the jury find from the evidence in the cause, that the plaintiff, at the time he received the injury sued for, was seeking to pass from the Galt House, by a common highway, to the entrance of the carriage and foot-way upon the defendant's bridge at Harper's Ferry, in the night time, and when it was dark, and could, by the use of ordinary care on his part, have avoided the injury, then

he cannot recover, even though they shall find that the place at which he fell over was one dangerous to persons passing along said highway in the night time, provided the jury shall find that but for the want of such ordinary care the injury would not have happened.

2. If the jury shall find from the evidence that the defendant, in erecting its bridge over the Potomac river, at Harper's Ferry, and its connecting works and protections, erected the wall over which the plaintiff fell and was injured, and by such erection created and made a place so near to the said highway as to be dangerous to persons passing along said highway, in the night time, and exercising ordinary care and caution, and that the plaintiff, while endeavoring to pass along said highway to the entrance of the foot and carriage-way on the defendant's bridge, in the night time, and when it was dark, and while capable of and in the exercise of ordinary care and caution, walked over said wall at a part thereof so near to the said highway as to be dangerous to persons passing along said highway in the night time, and exercising ordinary care or caution, then the plaintiff is entitled to recover ; provided they shall find that such place was made dangerous as aforesaid by the defendant, *after* said highway was established leading to the entrance of said way over said bridge ; but if the jury find that such highway, leading to said bridge, was not established until after the said bridge was built, then there was no obligation on the part of the defendant to put guards at such place to prevent accident to persons passing along said highway and seeking to enter said bridge ; and the plaintiff is not entitled to recover for an accident which may have happened to him for the want of such guards.

To the rejection of its prayers as above indicated, and to the second instruction given by the Court, the defendant excepted.

Verdict was rendered for the plaintiff for $3000, and judgment was entered accordingly. The defendant appealed.

The cause was argued before BARTOL, C. J., BOWIE, BRENT, MILLER and ALVEY, J.

*Z. S. Claggett* and *Wm. T. Hamilton,* for the appellant.

The ruling of the Court was wrong in rejecting the evidence offered by the defendant in its first and second exceptions. In assessing compensation to the plaintiff, "the jury are to consider what, before the injury complained of, was the health, and physical and mental ability of the plaintiff to maintain himself, as compared with his condition in those particulars, after and up to the institution of the suit, in consequence of the injury complained of, and how far it is permanent in its results, as well as the physical and mental suffering he has sustained by the injury." *Stockton vs. Frey,* 4 *Gill,* 406; 2 *Green-leaf's Ev.,* sec. 254, *note*; *Lincoln vs. Saratoga and Sch'y R. R. Co.,* 23 *Wendell,* 425.

The evidence offered by the defendant and rejected by the Court, shows that the plaintiff was an habitual drunkard, and that by reason of his intemperate habits he possessed neither physical nor mental ability to support himself before he sustained the injury, and that his incapacity to support himself, from the same cause, continued after the injury. This evidence was admissible on the question of damages, to show that from habitual drunkenness the physical and mental ability of the plaintiff had been so impaired that he was utterly incapable of making a living, and that his pecuniary loss, and the injury to his business, amounted to nothing. *Sherman and Redfield on Negligence,* 663, *note* 1, sec. 606; *Wade vs. Leroy,* 20 *Howard,* 34.

It is to be observed, that the plaintiff was not a passenger on the Baltimore and Ohio Rail Road, but a trav-

eller on the highway, and the defendant is not sued for injuries received on the railroad, but on the bridge; and the evidence shows, that the place where the injury was received, is beyond the limits of the highway, above and beyond the bridge and its approaches, and above the abutment of the bridge, on ground not occupied and used by the public, but the ground on which is constructed the Y track of the Baltimore and Ohio Rail Road Company. The question arises, is it the duty of the defendant to erect railing for miles along the Potomac and Shenandoah rivers, and also along the Chesapeake and Ohio Canal, to prevent a drunkard from travelling out of the highway? A traveller on a highway who, without necessity, diverges from the travelled path, cannot recover for injuries received while travelling outside such path. *Sherman & Redfield on Negligence, sec.* 384; *Howard vs. Inhabitants of North Bridgewater,* 16 *Pickering,* 189; *Sparhawk vs. City of Salem,* 1 *Allen,* 30; 2 *Hilliard on Torts,* 397; *Rice vs. Town of Montpelier,* 19 *Vermont,* 470; *Farnum vs. Concord,* 2 *N. H.,* 392; *Howland vs. Vincent,* 10 *Metc.,* 371.

The plaintiff was twice warned of the danger of crossing the bridge, and twice desisted, but finally started from the Galt House, crossed the Winchester track, and the highway (leading to the bridge) to the private grounds of the defendant, and walked over the wall of the defendant, at a considerable distance beyond the entrance to the bridge. He *voluntarily* put himself in peril against the protestations of the defendant, and then makes a claim upon the defendant for compensation for the injuries he sustained. He was the author of his own misfortunes— the heedless instrument of his own injury. Besides being warned of the danger, he well knew it himself. He was frequently in Harper's Ferry, and was well acquainted with the locality. *Tisdale vs. Inhabitants of Norton,* 8 *Metc.,* 392; *Saunders on Negligence, by Hooper,* 25; *Shepardson vs. Inhabitants of Colerain,* 13 *Metcalf,* 55.

If the facts set forth in the seventh and eighteenth prayers are true, they show, as matter of law, that the plaintiff did not exercise that ordinary care and diligence which will entitle him to recover.   They further show, that the defendant used due care in preventing accidents, by reason of any defect in and about the bridge or wall. How far the owner of a bridge is responsible for accidents, in attempting to cross a bridge obviously unsafe or dangerous, or in fording a stream, in such case, are mainly questions of law, calling for special instructions from the Court.   See 2 *Hilliard on Torts*, 396, *sec.* 14, *and* 393 *and* 394, *sec.* 11 ; *Rice vs. Montpelier*, 19 *Vermont*, 470 *and* 476 ; *Farnum vs. Concord*, 2 *N. H.*, 392, 394; *Howard vs. The Inhabitants of North Bridgewater*, 16 *Pickering*, 189.

The evidence in this case shows clearly that the acts of the plaintiff were so " glaringly careless and negligent," that the Court should declare them to constitute negligence in law, and preclude him from recovery.   *B. & O. R. R. vs. Shipley*, 31 *Md.*, 368 ; *B. & O. R. R. vs. Fitzpatrick*, 35 *Md.*, 46 ; *B. & O. R. R. vs. State, use of Dougherty*, 36 *Md.*, 366.

*George Schley* and *Attorney-General Syester*, for the appellee.

It is unquestionable law, that where the limits of a highway, as in this case, are not indicated by any visible objects, and there is nothing to show a traveller that the course he is pursuing is outside of the way intended for the public, and he becomes injured, in passing along the general direction, by reason of causes existing outside of the highway, but so near to the highway, and adjoining it, as to render it dangerous to persons passing there, and there is nothing to give warning to the public of the dangers ; in such case the party causing the danger is responsible for any damage or injury to a traveller, provided the traveller used reasonable, or ordinary care to

avoid the danger.   *Hayden vs. Inhabitants of Altelborough,*
7 *Gray,* 338; *Vale vs. Bliss,* 50 *Barb.,* 358; *Alger vs.
City of Lowell,* 3 *Allen,* 402; *Jones vs. Inhabitants of
Waltham,* 4 *Cush.,* 299; *Coggswell vs. Inhab. of Lexing-
ton,* 4 *Cush.,* 307; *Willey vs. Portsmouth,* 35 *N. H.,* 303;
*Davis vs. Hill,* 41 *N. H.,* 329; *Barnes vs. Ward,* 9 *C. B.,*
392, (67 *Eng. C. L.*); *Reed vs. Northfield,* 13 *Pick.,* 94,
98; *Fox vs. Sackett,* 10 *Allen,* 535.

But the fact that the appellee was a trespasser', at the
time of the accident and injury, affords no ground of
defence for the negligence of the appellant.   If he was a
trespasser at all, in view of the license to the public to
walk there, yet he was not a wilful or *voluntary* tres-
passer.   He was not a wrong doer.   He was engaged in
no unlawful act.   And the mere circumstance that he
was on the appellant's grounds, and if he had not been
there, the accident would not have happened, affords no
answer to the action.

A trespasser is liable for the injury *which he does,* but
he does *not forfeit his right of action for an injury sustained.*
*Kerwhacker vs. C. C. & C. R. R. Co.,* 3 *Ohio St. Rep.,*
172; *Barnes vs. Ward,* 9 *M. G. & S.,* (393), (67 *E. C.
L. R.,* 392): *Birge vs. Gardiner,* 19 *Con.,* 507; *Lovett
vs. S. & S. D. R. R. Co.,* 9 *Allen,* 557; 1 *Hilliard on
Torts,* (2nd *Ed.*.) 160; *Chaplin vs. Hawes,* 3 *Carr. & P.,*
554; *Isbell vs. N. Y. and N. Haven R. R. Co.,* 27 *Conn.,*
393; *Norris vs. Litchfield,* 35 *N. H.,* 271; *Hardcastle vs.
South Yorkshire Railway Co ,* 4 *H. & N.,* 67; *Binks vs.
S. Y. Railway Co.,* 113 *Eng. C. L.,* 244; *Hownsell vs.
Smyth,* 97 *Eng. C. L.,* 729.

The seventh prayer of the defendant was properly
rejected.   It left out all the facts of the case, except two.
It seggregated these two facts: 1st—that the appellee
was acquainted with the situation and location of the
bridge; and, 2nd, that he was admonished of the "dan-
ger in *crossing the bridge;*" and asked the Court to say,

582          MARYLAND REPORTS.

that if these were true, they were conclusive of the question that due care and diligence were not exercised by the appellant. There were numerous and complicated facts from which that question was to be decided; and this is not one of the class of cases where Courts will take upon themselves the obligation and responsibility of saying, that certain facts, if found, constitute negligence. The cases in Maryland, on this subject, are numerous. *See Baltimore and Ohio R. R. Co. vs. Dougherty*, 36 *Md.*, 366; *Fitzpatrick's Case*, 35 *Md.*, 32; *Shipley's Case*, 31 *Md.*, 369; *Miller's Case*, 29 *Md.*, 252; *Price's Case*, 29 *Md.*, 421; *Worthington's Case*, 21 *Md.*, 275. See also, *Williams vs. Town of Clinton*, 28 *Conn.*, 204.

The eighteenth prayer was properly rejected:

1st. Because it collected and presented to the jury only a partial statement of the facts.

A party cannot be allowed to separate a few facts from their connection with others, by which their force and meaning is or may be materially modified, and ask a Court to say to the jury, "these facts now selected are proper for your consideration."

Here many facts that would modify those seggregated and presented, were wholly omitted. But the attention of the jury would have been directed under the sanction of the Court, to the enumerated facts, as forming the capital and material circumstances for the consideration of the jury.

2nd. Besides, the facts enumerated did not present the truth of the case. The appellee *never was admonished of the danger that actually befell him*.

No warning had ever been given him of the *dangers of the wall;* the danger of *crossing the bridge*, against which Crowl admonished the plaintiff, consisted in the fact that there were openings "*between the sills on the bridge itself*, and that there was danger on the Maryland side from the Canal; and the witness McCarty, on cross-examination,

stated that the reason why he persuaded the appellee not to cross was, that the bridge was in a dangerous condition—*planks being out, and it was dangerous to cross at night on that account.*

These were dangers growing out of defects in the highway itself; dangers which occasioned no injury in this instance; and when they are selected as facts, of which the appellee had knowledge, and against which he was warned, it is plain that this knowledge and warning could have had nothing to do in determining his action in reference to dangers existing at an entirely different place; and hence were *not evidence* of want of care, &c.

BARTOL, C. J., delivered the opinion of the Court:

This suit was brought by the appellee to recover damages for injuries sustained by him, from an accident caused by the alleged negligence of the appellant.

The ground of the action is that the Railroad Company in the construction of its bridge across the Potomac, at Harper's Ferry, had made an embankment or precipice twenty feet deep, extending from the end or abutment of the bridge along the river, so near to the highway as to be dangerous to persons approaching the bridge at night; and the plaintiff in attempting to walk upon the bridge for the purpose of crossing, missed his way and fell over the precipice. The accident occurred in November, 1867, at about 9 o'clock at night.

The embankment is supported by a wall erected by the defendant, the top of which is on a level with the highway and the contiguous ground; and the alleged negligence consisted in not providing railing or guards at and along the wall, a light to indicate the entrance to the bridge, or a watchman for the protection of travellers.

On the west side of the bridge next to the retaining wall, there is a highway for common travel, the entrance to which between the columns, is ten feet wide, and by

the side thereof, between the carriage way and the rail-road tracks of the Winchester branch on the west, is a foot-way for travellers; the bridge being designed for ordinary travel in carriages and on foot, as well as for the railways; the defendant received toll from persons cross-ing, and toll was paid by the plaintiff.

There is a space of ground between the highway lead-ing to the bridge, and the retaining wall or edge of the precipice, belonging to the defendant, over which the plaintiff must have passed before he reached the place from which he fell, which according to the testimony, and as indicated on the plat used at the argument, was about ten or fifteen feet from the entrance to the bridge. It thus appears that the accident did not happen upon the highway or the bridge, but outside thereof, on the private property of the defendant, upon which it is alleged the plaintiff had no right to be, and it is contended that this fact deprives him of the right to recover; and for this proposition we have been referred to *Howard vs. Inhabi-tants of North Bridgewater,* 16 *Pick.,* 189; *Rice vs. Mont-pelier,* 19 *Verm.,* 470; *Farnum vs. Concord,* 2 *N. H.,* 392, and *Howland vs. Vincent,* 10 *Met.,* 371.

Without stopping now to consider the particular points ruled in those cases, it may be conceded as a general prin-ciple that "a traveller who without necessity diverges from the travelled path, cannot recover for injuries received while travelling outside such path." But the facts of this case do not bring it within that general principle. It appears from the proof that the whole sur-face of the ground about the highway, up to the entrance to the bridge, and out to the edge of the retaining wall or verge of the precipice was levelled off smooth; there was nothing to indicate the location or line of the high-way, or to distinguish it from the contiguous ground on the west side, and a deviation of a few steps in that direc-tion precipitated the plaintiff over the wall.

Under such circumstances we hold the law to be clear, both upon reason and authority, that the accidental deviation from the highway such as occurred in this instance, does not necessarily deprive the plaintiff of the right of action.

The law imposed the duty upon the defendant in constructing its bridge, and making the lateral embankment adjoining the highway ; so to construct them as not to render the approach to the bridge along the highway dangerous for passengers by day or night ; and a failure to perform this duty subjects it to liability for the consequences ; provided the party thereby injured has used reasonable and ordinary care to avoid the danger.

This proposition is supported by *Barnes vs. Ward* 67 *Eng. C. L. R.*, 392, and was affirmed by the Court of Exchequer in *Hardcastle vs. S. Y. R. Way*, 4 *Hurl. & Nor.*, 67. The same principle was decided in *Coggswell vs. Inhabitants of Lexington*, 4 *Cush.*, 307 ; *Norris vs. Litchfield*, 35 *N. H.*, 271 ; *Davis vs Hill*, 41 *N. H* , 329 ; *Vale vs. Bliss*, 50 *Barb.*, 358, and *Alger vs. City of Lowell*, 3 *Allen,* 402.

In the case last cited, the Court say, "the true test is not whether the dangerous place is outside the highway, or whether some small strip of ground, not included in the way, must be traversed in reaching the danger ; but whether there is such a risk of a traveller, using ordinary care, in passing along the street, being thrown or falling into the dangerous place, that a railing is requisite to make the way itself safe and convenient."

It follows from what has been said, that there was no error in refusing the *first, second, third, fifth,* and *seventeenth* prayers of the defendant.

There was evidence in the case that the plaintiff had often crossed the bridge, and was well acquainted with the place and the contiguous grounds and premises, and that on the evening of the accident, at about 7 o'clock,

and afterwards, at about 8 o'clock, being about to cross, he was warned by defendant's watchman of the danger of crossing the bridge, and that he was intoxicated at that time.

The defendant by its *eighteenth prayer*, asked an instruction to the jury, that if they found the plaintiff was intoxicated at the time of the accident, and also found that he was admonished of the danger of crossing the bridge, that "these facts were evidence to show a want of ordinary care to be exercised by the plaintiff, and also to show that the defendant was upon that occasion using due care in preventing accidents by reason of any defect in and about said bridge or said wall.

Unquestionably the facts enumerated in the prayer were proper to be considered by the jury in connection with all the other facts in the case, in passing upon the question of negligence; but it has often been decided by this Court, that it is not proper to separate a few facts from their connection with others, and make them the basis of an instruction of this kind. Such a course would tend to mislead the jury; and if the practice were sanctioned, each separate fact might be made the basis of a similar instruction. It may be added, that by the *twelfth* prayer which was granted, the defendant had the benefit of an instruction, that the intoxication of the plaintiff at the time of the accident, if the jury so found, was a circumstance to be considered by them upon the question of the care exercised by him in avoiding the accident. And so far as the eighteenth prayer related to the warning given to the plaintiff, it was not supported by the evidence; for that showed that the only warning given related to the danger arising from the condition of the bridge, and had no reference to the danger that actually befel him. For these reasons we think the eighteenth prayer was properly refused.

The question whether the plaintiff had exercised ordinary and reasonable care to avoid the accident, was one

for the jury to decide upon all the evidence in the cause ; and there was therefore no error in rejecting defendant's *seventh* prayer which asked the Court to take that question from the jury and to decide it as a conclusion of law from the facts therein stated. These were not of such a character as to authorize the Court to withdraw the question from the jury, and to declare that they constituted negligence in law.

Upon a careful examination of the whole case, we find no error in the rulings of the Court below upon the prayers. In granting the *third* and *fourth* of the plaintiff and the *eight, ninth, twelfth, fifteenth* and *sixteenth* of the defendant, and in the two instructions given by the Court, the law of the case was clearly and correctly stated to the jury for their direction. It is not material to notice the other prayers of the defendant. These, so far as they stated correct propositions of law were substantially granted in the instructions given to the jury. Their rejection therefore can furnish no ground for reversing the judgment.

It remains only to consider the appellant's *first* and *second* bills of exception ; and we are of opinion that the evidence therein stated was properly rejected.

It is contended that it was admissible on the question of damages, to enable the jury to ascertain the loss suffered by the plaintiff, and the amount of compensation to which he was entitled : but evidence that he was a man of intemperate habits, and when intoxicated was unable to transact business could not tend to elucidate that question, and was not admissible for that purpose.

*Judgment affirmed.*

(Decided 10th July, 1873.)