JOHN CLARY, PLAINTIFF IN ERROR, V. THE B. & M. R. R. CO., DEFENDANT IN ERROR.

**Railroads:** GUARDS AROUND CUTS. A railroad company is not required within the limits of a city, to place guards around a cut, away from a public thoroughfare, to prevent animals, grazing near the cut in violation of law, from falling down the bank.

ERROR to the district court for Otoe county. Tried below before POUND, J.

*C. W. Seymour*, for plaintiff in error, cited: 1 Thompson on Negligence, 300. *Young v. Harvey*, 16 Indiana, 314. *Bush v. Brainard*, 1 Cowen, 78. *Hess v. Lupton*, 7 Ohio, 216. Maxwell's Justice, 361. *Fernow v. Dubuque R. R.*, 22 Iowa, 528. *Barnes v. District*, 1 Otto, 540.

*Marquett & Deweese*, cited: *Haden v. Rust*, 39 Ill., 186. *Railroad Co. v. Linder et al.*, 39 Ill., 433. *Railroad Co. v. Munger*, 5 Denio, 256. 2 E. D. Smith (N. Y.), 257. *Mentges v. N. Y. & Harlem R. R.*, 1 Hilton, 426. *Railroad Co. v. McKinney*, 24 Ind., 283. *C., B. & Q. R. R. Co. v. Carter*, 20 Ills., 391. *Elliott v. Railroad Co.*, 66 Mo., 683. *Davis v. B. & M. R. R.*, 26 Iowa, 550. *Rogers v. R. R. Co.*, 26 Iowa, 558. *K. P. Ry. Co. v. Landis*, 24 Kan., 406. *C. B. R. R. Co v. Lea*, 20 Kan., 353. *Railroad Co. v. Lawrence*, 13 O. S., 66.

MAXWELL, J.

This is an action by the plaintiff against the defendant, to recover for the value of a horse killed by falling down the side of a cut, alleged to have been made by grading the defendant's road. A demurrer to the petition was sustained in the court below and the action dismissed. The only error assigned in this court is, that the court erred in

sustaining the demurrer. The following is a copy of the petition: "The said John Clary, plaintiff, complains of the said Burlington & Missouri River Railroad in Nebraska, for that the defendant before and at the time of the committing of the grievances hereinafter mentioned, to-wit: on the 28th day of July, A.D. 1880, was the owner and occupier of a certain railroad running through Nebraska City, Otoe county, state of Nebraska, and the said plaintiff further saith that said defendant in constructing the track of said railroad running south-easterly of the eastern terminus of Ferry street in Kearney City, now a part of Nebraska City, Otoe county, state of Nebraska, excavated the ground along the line of said railroad track, leaving a high, steep, and dangerous embankment on the south-western side of said railroad track at the place described as aforesaid, unprotected, unfenced, and without any safeguards whatever as required by the law of the land. And the said plaintiff says that in consequence of the negligence and carelessness of said defendant, in permitting said high, steep, and dangerous embankment, described as aforesaid, to remain and maintain in said unfenced and unguarded condition, and without safeguards of any kind, plaintiff's horse of the value of seventy-five dollars, casually and without fault of the said plaintiff, strayed on the night of the day and year aforesaid, in and upon the ground occupied by the railroad of the said defendant as aforesaid, and slipped and fell from the top of said high and steep and dangerous embankment, described and set forth as aforesaid, down to the railroad track, as aforesaid, and was then and there killed by said fall, to the damage of said plaintiff in the sum of seventy-five dollars. The said plaintiff therefore prays judgment against said defendant," etc.

We are not aware of any statute in this state requiring a railroad company to fence its road within the limit of a city or village. Indeed the statute (Comp. St., 381) ex-

pressly excepts the crossings of public roads, and high-
ways, and towns, cities, and villages, from the operation of
the act.

The action therefore must be governed by the principles
of the common law.

If an excavation was made so near a public road that
persons or animals passing along the road might acciden-
tally fall into the same, it would be the duty of the party
making the excavation to erect suitable guards to prevent
such accidents, and upon failure to do so, the party injured
could recover whatever damages he may have sustained
from the neglect. Cooley on Torts, 660. *Beck v. Carter*,
68 N. Y., 283. *B. & O. R. R. Co. v. Boteler*, 38 Md.,
568. *Davis v. Hill*, 41 N. H., 329. *Vale v. Bliss*, 50
Barb., 358. *Hardcastle v. Railroad Co.*, 4 H. N., 67.
*Barnes v. Ward*, 2. C. & K., 661. But where a party
makes an excavation on his own land away from a public
thoroughfare, we are not aware of any case in which it is
held that a party making the excavation must erect guards
around the same for the protection of persons or stock
trespassing on such land. There is no obligation in such
case.

It is claimed that the case of *Young v. Harvey*, 16 Indi-
ana, 34, supports the plaintiff's claim. In that case, one
Harvey commenced digging a well near the line of a street
upon an uninclosed lot owned by him, and dug the same to
the depth of six feet, and then abandoned it in an unfin-
ished condition, and it was uncovered or only partially
covered. Horses, cows, and hogs were permitted by law
to run at large in the street. A horse belonging to the
plaintiff, fell into the unfinished well and was killed. The
court held that the plaintiff was entitled to recover the
value of the horse. The court below had held that the
action could not be maintained. The court say: "Whether
it can be or not depends upon the degree of probability there
was that such an accident might happen from thus leaving

exposed the partially dug well; considered perhaps in connection with the usefulness of the act or thing causing the danger. *Dunham v. Musselman*, 2 Black., 96. If the probability was so strong as to make it the duty of the owner of the lot, as a member of the community from the danger to which the pit exposed its members, in person and property, he is liable to an action for loss occurring through his neglect to perform that duty."

We think that is a correct statement of the law as applied to the facts of that case. But the case is not applicable to the facts stated in the petition.

In *Dunham v. Musselman*, 2 Black., 96, the action was for the loss of a horse running at large, which was killed by a falling tree which had been set on fire by the defendant. It was held that unless it was shown that there was some degree of probability that the burning down of the tree would have done the plaintiff an injury, there was no liability.

In the case under consideration, the horse was running at large in the night time, in violation of the statute, and so far as appears was trespassing upon the lands of another. The place at which the accident occurred is not alleged to have been on or near any thoroughfare, nor does it appear that the defendant was under any obligation to erect barriers at the place designated to prevent an accident to the plaintiff's stock. The petition therefore fails to state a cause of action, and the judgment must be affirmed.

JUDGMENT AFFIRMED.