ELIJAH S. RATHBURN, PLAINTIFF IN ERROR, v. THE B. & M. R. R. CO., DEFENDANT IN ERROR.

| 16 | 441 |
| 48 | 903 |
| 16 | 441 |
| 50 | 748 |
| 16 | 441 |
| 59 | 608 |

1. **Petition.** Where the allegations of a petition are vague and indefinite, the remedy is by motion to make definite and certain.

2. ———: DEMURRER. Where the allegations of a petition are indefinite, but the language, when given its ordinary meaning shows a liability of the defendant in favor of the plaintiff, a demurrer on the ground that the facts stated do not constitute a cause of action should be overruled.

3. ———: CONSTRUCTION. A petition is to be construed according to the liberal rules of the code.

ERROR to the district court for Fillmore county. Heard below before MORRIS, J.

*John P. Maule,* for plaintiff in error.

*Marquett, Deweese & Hall,* for defendant in error.

MAXWELL, J.

This is an action to recover for injuries sustained by the

plaintiff caused by the alleged negligence of the defendant. A demurrer was sustained to the petition in the court below and the action dismissed.

It is alleged in the petition, in substance, that the defendant is the owner of and operates a railway running through the corporate limits of the village of Fairmont, Nebraska; that in the construction of said railway it made "an excavation for its road-bed about 50 feet long and 10 feet deep in the deepest part, said excavation being within the corporate limits of said village of Fairmont, and running parallel with and between and close to North and South Railway streets in said village, North Railway street being on the north side of said excavation, and South Railway street being on the south side of the same, and Myrtle and Violet avenues running north and south and crossing said excavation"; that said streets were public highways and free to all persons to pass and repass at their pleasure; that the "defendant did carelessly and negligently permit said excavation to remain unguarded and without any railing, guards, or other structure to prevent accidents at the sides of said excavation; neither did defendant fix any lights near the same, nor erect and maintain any bridges or crossings on the streets that crossed said excavation."   *·   *
"That on the 4th day of December, 1882, the plaintiff, while lawfully passing along said South Railway street, in the night time and without any warning or knowledge of the existence of said excavation, and without any fault on his part, fell into said excavation at its deepest point and broke his left thigh," etc., the amount of damages claimed being the sum of $10,000.

The petition is exceedingly vague and indefinite, but the remedy for these defects is a motion to make definite and certain. The language of the petition must be construed according to the liberal rules of the code, and so construed it amounts to this: That the defendant made an excavation ten feet in depth for its railway so close to South Railway

street, in the village of Fairmont; that the plaintiff, while walking along said street and exercising due care, fell into said excavation. If this is true with the other allegations, and the defendant had taken no precautions to prevent accidents, it would be liable.

The case of *Clary v. B. & M. R. R. Co.*, 14 Neb., 232, has no application to the facts of this case as stated in the petition.

It was strongly urged on the argument that where there is an omission to state a material fact in a petition—one necessary to show a cause of action—the presumption is that it does not exist. *B. & M. R. R. Co. v. York Co.*, 7 Neb., 487. *B. & M. R. R. Co. v. Lancaster Co.*, 4 Id., 307. The principle involved in the above cases may be illustrated by the case of an action against an indorser upon a promissory note, thus: Suppose the petition should fail to allege that demand of payment had been made of the maker at the time the note became due, or that notice had been given to the indorser. These are material facts to charge the indorser, and upon the failure to plead them the presumption is that they do not exist. But words actually used in a pleading must be construed according to their ordinary meaning, and thus construed the petition states a cause of action. It follows that the judgment of the court below must be reversed and the cause remanded.

REVERSED AND REMANDED.

THE other judges concur.