HONORAH CORRIGAN, Respondent, *against* THE DRY DOCK, EAST BROADWAY & BATTERY RAILROAD COMPANY, Appellant.

(Decided February 7th, 1887.)

In an action for personal injuries from defendant's negligence, alleged to have caused a sore on plaintiff's arm, stiffening it, and incapacitating her for business, for three months, the jury found a verdict for plaintiff for $800. *Held*, that although the court on appeal was of the opinion that the sore on plaintiff's arm and the injury thereto were due to a bad condition of plaintiff's blood rather than to the fall caused by defendant's negligence, yet, a medical witness having testified that the fall caused the sore and the injury, and this not being disproved by defendant, although it had the opportunity to do so, the verdict would not be set aside.

Plaintiff claimed damages for loss of time occasioned by her disability to pursue her calling. *Held*, that it was competent for her to prove that she had a business of her own, and was a widow and compelled to earn her own living.

APPEAL from a judgment of this court entered upon the verdict of a jury and from an order denying a motion for a new trial.

The action was brought to recover for injuries occasioned by the negligence of defendant's driver, while plaintiff was in the act of alighting from one of defendant's horse-cars. The jury found a verdict for plaintiff for $800 damages.

The facts are stated in the opinion.

*John M. Scribner*, for appellant.

*Leo C. Dessar*, for respondent.

VAN HOESEN, J. — From a very careful reading of all the testimony, I have come to the conclusion that it is extremely doubtful whether the sore upon the plaintiff's fore-arm was caused by the fall she received in alighting from the car. The testimony would have led me, had I been on the jury, to the belief that the sore was to be traced to some bad condition of the plaintiff's blood. It is true that one of the physicians swore that the sore would not be so persistent if it were caused by a diseased condition of the blood, and that, therefore, it was to be attributed to local causes, but it is not, in my opinion, the duty of a juror to accept the theories of every doctor that is called as a witness in cases of this description. There was in the testimony of the plaintiff herself sufficient to show that the sore was not the result of a local injury, but of a disordered system. The plaintiff said " when I was thrown down there was a little, light scratch, and then it festered and mortified like, when I rubbed it with soap and water, or with soda." There was no bruise, no fracture, no swelling; nothing more than a little, light scratch. If, under

the action of soap and water, that scratch inflamed and developed into a running sore, almost anybody but an expert on the witness stand would conclude that it was the bad blood of the patient, and not the scratch, that was the proximate cause of the sore. But the defendant did not combat with testimony the opinion of this expert, when it had the opportunity, and if the jury chose to accept that opinion as one that could not be disputed, I do not see why the court should interfere. If the sore were the result of the fall, and if that sore, and not muscular rheumatism, stiffened the plaintiff's arm so that she could not raise it as high as her head; if she was for three months incapacitated for business, and a sufferer from pain; I cannot say that the damages are too large. I do not say that had I been on the jury I should have acquiesced in the verdict, or that I think it the most sensible one that could have been rendered, but it is not so entirely opposed to the evidence that one can see that passion, prejudice, bias, or corruption controlled or influenced the action of the jury, or that the jury failed to use their common sense in deciding the case (*Minick* v. *Troy*, 19 Hun 253, aff'd 83 N. Y. 514).

With respect to the exceptions taken by the defendant, though some of them have merit, they seem to me not to require that a new trial should be granted, for it is apparent that in no instance was the defendant prejudiced by the error pointed out by an exception.

But there are exceptions that were not well taken. Among these are the exceptions to the rulings allowing the plaintiff to prove that she was in business at the time of the accident, and that her husband had died since she received her injuries.

The complaint claimed damages for loss of time, occasioned by her disability to pursue her calling and earn her livelihood. It was proper for her to prove that she had a business of her own. For the time that she was prevented by her injuries from attending to her business, she was entitled to recover compensation. Nor does it seem to me to have been improper to permit the plaintiff to prove that she

was a widow.   Of course, if immaterial testimony likely to arouse the sympathies of a jury be offered, it is the duty of the court to exclude it, but I conceive it to have been material for the plaintiff to show that she was a laboring woman, engaged in a calling that necessitated the use of both hands, and that being without a husband she was dependent upon her own exertions for a living.   The jury ought to have been fully informed as to the plaintiff's occupation, and as to the necessity she was under of pursuing it.   The pecuniary loss resulting from an injury to a plaintiff who spends his time in pleasure-seeking and dissipation is not so great as is such a loss to a bright and diligent business man (*Boteler* v. *Balt. R. Co.*, 38 Md. 568) ; nor is the loss of an arm to a retired gentleman so serious in its consequences to him as is the loss of an arm to one who is compelled to use it in gaining his bread.

Although I think it was erroneous to permit the inquiry, " Do you support yourself now ? " I cannot see how the answer could have prejudiced the defendant.   The question was immaterial, for the point in controversy was, not whether the plaintiff did, but whether she was physically able to support herself.   The answer was that her son supported her, giving her an allowance every month, because since the accident she was not able to do much.   The defendant could not have been injured by the inquiry and the answer.

So the inquiry, " Is the injury to the shoulder a necessary result or sequence of the injury she sustained ? " could have done no harm, for the answer was, " It may be, if she received a severe injury; but I could not swear that she received any injury to the shoulder."   Furthermore, the witness positively refused to say anything to warrant the inference that he believed the sore on the fore-arm, or the alleged difficulty in raising the arm, to have been anywise traceable to the plaintiff's fall.   It is fair to infer from the testimony of the witness that he.was sceptical as to the fall having produced the sore on the arm.

The question, " Do you know of employes having been discharged for an accident occurring on their cars ? " was

objectionable, but the answer did no harm; it was, " I never met with an accident where the driver was to blame."

I think it was erroneous to strike out from the answer of the witness Gilbert the words, " I saw nothing to indicate to me that there was any injury to the arm." The words were stricken out because the witness was not an expert, but it is a mistake to suppose that it required an expert to say whether a man walked lame, or used his arm as if it were lame. The witness had already sworn that he had watched the plaintiff for the purpose of discovering whether there was any appreciable disability in her use of her arm; that she used her knife in her right hand (which it is said she cannot use with freedom), the oyster in her left hand, and that she cracked and opened oysters; that she threw down the shells, and put the oyster on top of the counter; and the witness gave an illustration of the manner in which the plaintiff used her hands and arms. He said that the plaintiff had free use of her arms, and then, after giving these facts in detail, he summed them all up in the opinion that the court struck out. The facts upon which the opinion was founded were already in evidence, so that it is reasonably certain that the defendant was not injured by striking the opinion from the testimony.

One of the medical witnesses had said that he did not understand exactly what counsel meant to imply by the word " serious " as descriptive of an injury. When the counsel again used the word, in examining another physician, the judge directed him to use another word, but did not otherwise restrict the examination. I see no objection to the word serious, but no harm could have resulted from temporarily banishing the adjective from the counsel's vocabulary. He was left at liberty to use any other word, and he elicited from his witness all the facts and all the opinions that were in his possession.

There was no error in the charge.

I think the judgment should be affirmed, as should the order appealed from.

LARREMORE, Ch. J., and BOOKSTAVER, J., concurred.

Judgment and order affirmed, with costs.