## VALE *vs.* BLISS and DAVIS.

The defendants having thrown dirt and stones in a public street, and dug an excavation on adjoining land, close to the street line, which was left in the night time open and unprotected; *Held* that although the plaintiff, in endeavoring to pass the obstructions, deviated slightly from the street line, and went upon the defendants' land, that fact afforded no bar to his right of recovery for injuries sustained by falling into the excavation, provided he used proper care and caution in endeavoring to pass the obstruction.

APPEAL by the defendants from a judgment of the city court of Brooklyn, rendered upon the verdict of a jury, in an action to recover damages for a personal injury. The facts are fully detailed in the opinion of the court.

*C. & S. C. Condit* and *Geo. G. Reynolds,* for the appellants. The plaintiff, in going upon the defendants' premises, was a voluntary trespasser. It was not a case of accidental and slight deviation from a public way, which might happen with ordinary care and attention, nor the case of an excavation so near a public path that a person, *while endeavoring to keep that path,* is unintentionally precipitated into it; nor yet was it the case of a public highway being so obstructed that, *as a matter of necessity,* the traveler has to pass around the obstacle upon adjoining premises; the side-

walk, it is true, was obstructed, but the carriage way was clear, and afforded a safe and easy passage for the plaintiff; yet he *intentionally* turned in upon private grounds, thus causing the accident of which he complains. The cases, we think, are uniform that under such circumstances the party injured cannot recover. (*See Blythe* v. *Topham,* 1 *Roll. Abr.* 88; *Cro. Jac.* 158.) *Brush* v. *Bainard,* (1 *Cowen,* 78,) is a leading case in this state, and holds the same doctrine. (*Howland* v. *Vincent,* 10 *Metc.* 371,) is directly in point. The case of *Barnes* v. *Ward,* (67 *Eng. Com. Law,* 392,) which was cited for the plaintiff on the trial, seems to hold a different doctrine. In that case, a person traveling on a public path, in the dark, was precipitated down an area which "was separated from the path by a curbstone, which was intended for the reception of upright iron rails." (*P.* 415.) In the opinion, the dictum of Alderson, B. in *Jordin* v. *Crump.* (8 *Mees. & Welsb.* 782,) is referred to without disapproval, where he says, (*p.* 788:) " The case is similar to that of a man who, passing in the dark, along a foot path, should fall into a pit dug in the adjoining field by the owner of it. In such case, the party digging the pit would be responsible for the injury if the pit were dug across the road; but if it were only in the adjacent field the case would be very different, for the falling into it would then be the act of the injured party himself." The case of *Blythe* v. *Topham* is also referred to, and the reasoning which sought to take the case then before the court out of the principle of the authorities cited will also clearly distinguish that case from ours, in respects already considered. The judge says, near the close of the opinion, that it by no means follows from the circumstance that the deceased was a trespasser that the action could not be maintained, and refers to *Bird* v. *Holbrook,* (4 *Bing.* 628,) in support of the position. That was the case of injury from the setting of a spring gun by the defendant; that is, it was an intentional injury, and of course a trespasser may maintain an action for that. The rule is stated thus in

*Terry* v. *The N. Y. Central Railroad Co.* (22 *Barb.* 574 :) "The plaintiff cannot succeed if it appears that the injury complained of was received by him while he was trespassing upon the defendant, without proving that such injury was willful and intentional on the part of the defendant." Even if the case of *Barnes* v. *Ward* should be received as law, in opposition to the case of *Howland* v. *Vincent,* it only affords relief to a plaintiff who involuntarily and accidentally falls from a road into a hole which, *of itself,* renders the road dangerous to a person who is doing his best with proper care to keep in it. That is not the plaintiff's case ; and it is no sufficient excuse to say that we put it into his mind to go into our premises by placing dirt on the sidewalk, so long as he had the whole of the rest of the street for his passage.

It follows that the judge erred in denying the motion for a nonsuit, and also erred in his charge to the jury.

*S. V. Lowell* and *G. T. Jenks,* for the respondent. I. The defendants threw earth and stones across the sidewalk of a public street, and dug a deep and dangerous hole close by the side thereof. The plaintiff, while carefully endeavoring to pass by the pile of dirt and stones, fell, in the dark night, into this unseen and unguarded pit. The plaintiff claims that this action of the defendants in obstructing the street and digging a pit close to the same, and leaving the pit, on a dark and foggy night, open and unguarded, and thereby exposing travelers to the danger of falling therein, was a gross breach of their duty to the public, and, therefore, extreme negligence. That the question is fairly settled by the verdict of the jury, *see Grant* v. *City of Brooklyn,* (41 *Barb.* 381.)

II. The claim urged by the defendants that they are not liable for the natural result of their leaving the excavation unguarded, because the same did not quite run into the street lines, is untenable. In the leading case of *Barnes* v. *Ward* the question was definitely settled. (*See the elab-*

*orate opinion in* 9 *M. G. & S.* 392 ; 67 *E. C. L.* 392.) This decision has ever since been followed, and the case cited next below, in the same court, is identical in circumstance with this action. (*Hadley* v. *Taylor*, 1 *Eng. Com. Pleas.* 1865, *p.* 53. *Hounsell* v. *Smyth*, 7 *Com. B. N. S.* 731. 97 *E. C. L.* 729. *Binks* v. *South*, *Y. and R. D. Co.*, 3 *B. & S.* 242. 113 *E. C. L.* 244. *Hardcastle* v. *Hardcastle*, 4 *H. & N.* 67.) See also the cases cited in the above, and the following older English cases : *Townsend* v. *Wathen*, (9 *East*, 277, 1808 ;) *Bird* v. *Holbrook*, (4 *Bing.* 628 ;) *Ilott* v. *Wilkes*, (3 *Barn. & Ald.* 304 ;) *Lynch* v. *Nurdin*, (1 *Ad. & E. N. S.* 29.)

The following American cases are in the line of *Barnes* v. *Ward*, and directly on the point : *Birge* v. *Gardiner*, (19 *Conn. R.* 507 ;) *Daly* v. *Norwich R. R. Co.* (26 *id.* 591 ;) *Housatonic R. R. Co.* v. *Knowles*, 30 *id.* 313 ;) *Johnson* v. *Patterson*, 14 *id.* 1 ;) *Brown* v. *Lynn*, (31 *Penn. R.* 510 ;) *Beatty* v. *Gillmore*, (16 *id.* 463 ;) *Kerwhacker* v. *Cleveland R. R. Co.* (23 *Warden & Smith* 172 ;) *Cleveland R. R. Co.* v. *Elliott*, (4 *Warden*, *N. S.* 474 ;) *Whirley* v. *Whiteman*, (1 *Head*, 610 ;) *Young* v. *Harvey*, 16 *Ind. R.* 315 ; *Trow Vermont Central R. R.* (24 *Verm.* 487 ;) *Quimby* v. *The* v. *same*, (23 *id.* 393.)

*By the Court,* GILBERT, J. This action was brought to recover damages sustained by the plaintiff, by falling into an area or hole, which the defendants had excavated on their premises situated on Bedford avenue, in the city of Brooklyn. It appears from the case that the defendants were building two houses on said premises, and that on the night of the first of March, 1867, the plaintiff, while walking along the sidewalk of said avenue, which is an open public street, in front of said buildings, came upon a pile of earth and stones, which the defendants had thrown out on the sidewalk, and which lay immediately in front of the area or hole mentioned. The night was dark, and the plaintiff in his effort to pass this obstruction, took an inward course towards the defend-

ants' premises, and after taking five or six short steps his feet got rolling among loose stones, and he was suddenly precipitated into said hole, and thereby received the injury complained of. This hole was two feet two inches back from the street line, and seven feet six inches back from the inner line of the sidewalk, there being a space of five feet four inches, which although forming a part of the street, had been devoted to the purposes of a court yard. The defendants had caused a plank to be placed across the sidewalk to keep off passers, one end of which was nailed to a tree near the end of the curb, and the other end bedded in the pile of dirt inside of the sidewalk, but they had provided no light, or other barrier than this plank, to protect passers against the danger of falling into the area or hole in question. Upon the trial, the defendants moved to dismiss the complaint on the grounds, 1st. That the plaintiff had shown no negligence on the part of the defendants. 2d. That he had shown himself guilty of the negligence which led to the injury. 3d. That the plaintiff, at the time of the injury, was a trespasser on the defendants' premises. The motion was denied, and the defendants excepted. An exception was also taken by the defendants to the following propositions contained in the judge's charge, namely : that the fact that the excavation being off the immediate line of the street was not sufficient to discharge the defendants from liability, and that the plaintiff could not be regarded as a trespasser from the fact that he did cross the street line, if he was properly endeavoring to make his way along the highway past the premises. The jury rendered a verdict in favor of the plaintiff.

The verdict of the jury must be deemed conclusive upon the point, whether the plaintiff in endeavoring to pass the obstruction in question used due and proper care and caution. The defendants, however, contend that because the plaintiff received the injury while upon their land without their license or authority, he cannot recover. It is not necessary to decide the question whether the making an excavation so

Vale *v.* Bliss.

near a public street or highway, as was done in this case, and leaving it open and unprotected in the night time, so far detracts from the safety of the highway as to render the excavation of itself a public nuisance, and thereby to render the defendants liable to an individual who may have been injured in consequence thereof. But we are clearly of opinion that the defendants by making the excavation, and then obstructing the sidewalk in front of it in the manner shown in this case, were clearly guilty of culpable negligence, and that although the plaintiff in endeavoring to pass the obstruction deviated from the street and went on the defendants' land, those facts afford no bar to his right of recovery. If he can be deemed a trespasser at all he was made so involuntarily by the acts of the defendants. The obstructions they placed upon the streets materially induced him to go upon their land, and the loose stones which formed a part of such obstruction, were the means whereby he was precipitated into the excavation. The cases of *Blythe* v. *Topham, Cro. Jac.* 158,) and of *Bush* v. *Brainard,* (1 *Cowen,* 78,) *Howland* v. *Vincent,* (10 *Metc.* 371,) and other analogous cases relied on by the counsel for the defendants, do not therefore govern this case. These cases merely assert the familiar principle, that whatever negligent act a defendant may commit in the exercise of the ownership of his own premises, without evil intention to another, he is not responsible to a trespasser or wrongdoer who may suffer an injury in consequence of such negligence. There are, however, many exceptions to this general principle. For example, where the act done by a party on his own land is illegal or is an act which may probably endanger human life ; (*Bird* v. *Holbrook,* 4 *Bing.* 628 ; *Jordin* v. *Crump,* 8 *Mees. & Welsb.* 782 ;) or where the act is dangerous to passers along a highway. (*Burge* v. *Gardiner,* 19 *Conn. Rep.* 507. *Barnes* v. *Ward,* 9 *M. G. & S.* 392. *Hounsell* v. *Smyth,* 7 *Com. B. N. S.* 731. *Binks* v. *South Yorkshire R. and R. Co.,* 3 *B. & S.* 242.

*Hardcastle* v. *Hardcastle,* 4 *H. & N.* 67. *Hadley* v. *Taylor,* 1 *Eng. Law R. C. P.* 53.)

These cases affirm the liability of a party who makes an excavation upon his own land so near to a highway that a person lawfully using the highway, and using ordinary caution, accidentally slipping might fall into it, on the ground that such an excavation amounts to a public nuisance. The case of *Howland* v. *Vincent,* (*supra,*) would seem to hold a contrary doctrine. But upon examination it will be seen the court did not consider the question of nuisance, nor was the point presented. We think the principle is a sound one. The case before us, however, does not need that principle to sustain the verdict, for as before remarked, the defendants not only made an excavation in dangerous proximity to the street, but they at the same time obstructed the street in such a manner that the plaintiff, following his natural instincts and inclinations, and exercising due care and caution, was, without any warning against danger, led directly towards the excavation, and thus received the injury of which he complains. The obstruction was the primary cause of the accident. The defendants had no right to place it there; certainly not without taking all needful precaution to guard passengers against all the dangers which to they might be exposed in the use of the streets. For these reasons we are of opinion that there was no error in the ruling of the court below, and the judgment and order, refusing a new trial, should be affirmed.

[KINGS GENERAL TERM, February 10, 1868. *Lott, J. F. Barnard* and *Gilbert,* Justices.]