CITY OF SOUTH OMAHA V. ORA CUNNINGHAM.

[FILED FEBRUARY 3, 1891.]

1. **Municipal Corporations: UNSAFE STREETS.** In an action by an executrix against the city of South Omaha for causing the death of the testator by negligently leaving Twenty-sixth street unguarded at a point a short distance north of the intersection of said street with Twenty-seventh street, the testimony showing that Twenty-seventh street runs in a northwesterly direction where it intersects Twenty-sixth street, and that for a considerable distance north of the intersection the space between the two streets is but a few feet in width, and that the excavation was made on Twenty-seventh street near the intersection of said streets, *held*, that the questions of fact were fairly submitted to the jury.

2. ———: ———. If a person make an excavation so near the line of a public street that one lawfully passing along said street may accidentally fall into it, it is the duty of the person making such excavation to erect barriers as a protection against such accidents, and if he fails to do so and a person falls into such excavation and sustains injuries, he will be liable for such neglect.

3. ———: ———: DEFENSES: INTOXICATION, when relied on as a defense, must be pleaded. Under a general denial the only proof admissible is to establish or disprove the facts stated in the petition.

ERROR to the district court for Douglas county. Tried below before DOANE, J.

*Edgerton* and *Farnsworth,* for plaintiff in error, cited: *Cartright v. Belmont,* 58 Wis., 370; *Com. v. Ford,* 130 Mass., 67; Deering, Negligence, sec. 162; *Smith v. Leavenworth,* 15 Kan., 81; *Goodin v. Des Moines,* 55 Ia., 67; *Beardsley v. Hartford,* 50 Conn., 529; *Carpenter v. Cahoes,* 81 N. Y., 21; *Veeder v. Littlefalls,* 100 Id., 343; *Sparhawk v. Salem,* 1 Allen [Mass.], 30; *Snow v. Adams,* 1 Cush. [Mass.], 443; *Palmer v. Andover,* 2 Id., 600; *Coggswell v. Lexington,* 4 Id., 307; *Collins v. Dorchester,* 6 Id., 396; *Tuttle v. Holyoke,* 6 Gray [Mass.], 448; *Hayden v. Attleborough,* 7 Gray [Mass.], 338; *Puffer v. Orange,* 122 Mass., 389.

*John W. Lytle, contra,* cited: *Warner v. Holyoke,* 112 Mass., 362; *Coggswell v. Lexington,* 4 Cush. [Mass.], 307; *Alger v. Lowell,* 3 Allen [Mass.], 403; *Hayden v. Attleborough,* 7 Gray [Mass.], 343; *Burnham v. Boston,* 10 Allen [Mass.], 290; *Foxworthy v. Hastings,* 23 Neb., 772; *Ray v. St. Paul,* 42 N. W. Rep., 297; *St. Paul v. Kuby,* 8 Minn., 125; *McKeigue v. Janesville,* 31 N. W. Rep., 298; *Glidden v. Moore,* 14 Neb., 90; *Nicholas v. St. Paul,* 47 N. W. Rep., 169; *Lincoln v. Beckman,* 23 Neb., 682; *Orleans v. Perry,* 24 Neb., 831.

MAXWELL, J.

This action was brought by the defendant in error, as executrix of the estate of Martin Cunningham, to recover damages for the death of her husband, which it is alleged was caused by the negligence of the city. In her petition, after setting forth her right to bring the action, she alleges "that near Q street in said city of South Omaha there had been a path passing from Twenty-fifth street to Twenty-seventh street and which had been used by the general public in passing from the northeast part of the city to the south and west part thereof; that no barriers, railings, or

signals have been placed where the travel had been over said path mentioned as aforesaid, but that said defendant carelessly and negligently failed to place any railing, barriers, or signals along the east line of said Twenty-seventh street or west line of Twenty-sixth street to prevent accidents and protect the public, as hereinafter set forth; that within three days prior to the 11th day of November, 1887, the defendant caused a street known as Twenty-seventh street, and which was a public thoroughfare for its citizens to pass over, to be graded perpendicular to a depth of sixteen and one-half feet on the east side of said street, at a point where the accident hereinafter described occurred, and that at said point the said east line of Twenty-seventh street comes to within seven feet of the west line of Twenty-sixth street, also a public traveled thoroughfare in said city, and both of said streets intersect with each other at a point about thirty-five feet south of the place where said accident occurred; that notwithstanding it was the duty of said defendant to keep the said excavation in a safe condition by railings and guards so as to protect its citizens from accidents, yet the said defendant did not place any guards or railings on said west line of said Twenty-sixth street, nor the east line of Twenty-seventh street at the point where said accident occurred, nor any other place along said excavation between P and Q streets, and did not make said excavation in a safe condition by railings and guards so as to protect its citizens, while passing along said Twenty-sixth street, from accident. But said defendant suffered and allowed the same to remain without such guards, lights, or danger signals to indicate or warn persons approaching of said excavation.

"That the said Martin Cunningham while passing down and along Twenty-sixth street, passed over the narrow strip of land between said streets from four to seven feet wide, and came to the excavation aforesaid in said Twenty-seventh street at a point seventy-five feet north of

the north line of said Q street; that by reason of the grading of Twenty-seventh street, the regular traveled thoroughfare on said Twenty-sixth street was left from seventeen to twenty-five feet above the bottom of said Twenty-seventh street at the point where said accident occurred, and sloping westward toward the east line of said Twenty-seventh street. That no guards, barriers, or signals were placed on the line of Twenty-sixth street as aforesaid, although within seven feet of said excavation; that on the evening of the said 11th day of November, at about 7:30 o'clock, it being after dark, the said Martin Cunningham, while lawfully traveling from the post-office in South Omaha to his residence in the south part of said city, passed down said Twenty-sixth street, and being wholly unaware of danger, and without any fault on his part, was precipitated down said embankment and into said excavation at the point aforesaid to the street below, and thereby received great bodily injuries from which he died within six hours thereafter, to the great damage to said plaintiff in the sum of $5,000."

The answer is a general denial. On the trial of the cause the jury returned a verdict for $5,000 in favor of the plaintiff below, upon which judgment was rendered.

The testimony tends to show that the streets running north and south in the city in question are designated by numbers, number one being the first street on the east side, while numbers two, three, four, etc., are the streets in their order west of number 1. Twenty-seventh street is the former county road, and through the city of South Omaha runs in a northwesterly direction parallel to the Union Pacific railway. Twenty-sixth street intersects Twenty-seventh street between P and Q streets. Block 5 consists of a narrow gore of land 378 feet in length, and at the north end eighty-five feet in width, running to a point at the south end, where Twenty-sixth and Twenty-seventh streets intersect. The streets running east and west in said city are

designated by the letters of the alphabet, the first street on the north being known as A street, while the streets south thereof are designated B, C, D, etc.

The testimony shows that Martin Cunningham resided south of Q street and west of the railroad; that on the evening in which he was killed he was at the post-office which was then on Twenty-sixth street north of O street; that the natural route for him to take to reach his home was along Twenty-sixth street to Q, then west on Q street across the railroad; that there was an old wagon road along Twenty-sixth street, although most of the travel was on the east side of that street. There is some testimony, however, tending to show that there was more or less travel on the entire street. On the night in question Cunningham, while endeavoring to reach his home, wandered off from Twenty-sixth street across the narrow strip of land at the south end of block 5 which has heretofore been spoken of, and fell into the excavation in Twenty-seventh street, a distance of about sixteen feet, and received injuries from which he died. The testimony shows that the excavation had but recently been made, and the question is, Was the city negligent in not providing adequate barriers to prevent accidents?

The court instructed the jury:

"This action is brought by the plaintiff as administratrix of the estate of Martin Cunningham, deceased, to recover damages sustained by reason of the death of her husband, resulting, as claimed, from injuries received by him from falling from a high embankment into a street of the city of South Omaha, known as Twenty-seventh street. The plaintiff claims that the city of South Omaha is liable for such damages on account of the negligence of the city in permitting Twenty-seventh street to be excavated to a depth of from fifteen to sixteen feet, without having erected any barriers or placed any signals for the protection of persons who might pass along Twenty-sixth street, or

over a path which, it is claimed, had previously existed and been in common use by the public, in proximity to Twenty-seventh street.  The defendant interposes a general denial to the claim of the plaintiff.  You are instructed:

"I.  That this action is predicated upon the negligence alleged against the city, and unless you find from the evidence that there was some negligence of the city, or of its officers or agents, by or in consequence of which deceased received the injuries which occasioned his death, the plaintiff cannot recover.

"II.  If you find from the evidence that there was a traveled way ordinarily used by the public for a considerable time before the accident, over grounds adjoining Twenty-seventh street and leading into that street, and which had been used generally by persons having occasion to go from one part of the city to another, or from Twenty-sixth to Twenty-seventh street on foot, so that it became known as a common way for travel for foot passengers; and if you further find that it was necessary for the city, in the exercise of a reasonable and proper care when Twenty-seventh street was excavated, to provide a barrier or railing at the termination of such. traveled way or path for the purpose of protecting foot passengers traversing such way or path from falling into the excavation in the street; and if you find that the city unreasonably omitted to erect such barrier or railing, or to place such signals as would serve as a warning to persons passing along such traveled way, then and in such case you would be justified in finding that the city was guilty of negligence and the plaintiff would be entitled to recover the damages suffered by reason of such negligence, provided the deceased himself was not guilty of negligence contributing to his injury.

"III.  If you find from the evidence that the city of South Omaha permitted Twenty-seventh street to be excavated to such a depth as to render it dangerous to persons passing

along other highways or streets in said city, and that the deceased was lawfully passing along Twenty-sixth street in said city, and that the place where the accident occurred on Twenty-seventh street was in such close proximity to Twenty-sixth street, over which deceased was passing, as to render it dangerous to persons passing along said street, and that there was nothing to indicate where the line of Twenty-sixth street was, and if you further find that there were no barriers or signals to warn persons lawfully passing along such street of the existence of such danger, and that the deceased, in the exercise of due and ordinary care, fell into such excavation on Twenty-seventh street, and thereby received the injuries which resulted in his death, then you would be justified in finding that the defendant was guilty of negligence.

"IV. If you find for the plaintiff you will assess her damages at such a sum as will compensate the family for the pecuniary loss they have sustained by the death of the husband and father, not exceeding in any event the sum of $5,000, and in arriving at the amount of such pecuniary loss, it will be proper for you to consider the age of the deceased at the time of his death, his previous condition of health and strength, his ability to earn.a livelihood and to provide for his family, and his expectation of life according to the ordinary experience of mankind. But you will exclude from your estimate all considerations of sympathy or feeling or any other than that of compensation to the wife and child."

The court, at the request of the city, gave the following instructions:

"I. The jury is instructed that a city is not bound to erect barriers to prevent travelers from straying from the highway, although there is a dangerous place at some distance from the highway which they may reach by straying.

"II. That in order to render the city responsible for

damages, that the defect. must exist either on the highway itself or so immediately contiguous to it as to make it dangerous to travel the highway itself.

"III. That the burden of proving negligence rests on the party alleging it, and where a person charges negligence on the part of another as a cause of action he must prove the negligence by a preponderance of evidence, and, in this case, if the jury find that the weight of evidence is in favor of the defendant, or that it is equally balanced, then the plaintiff cannot recover, and the jury should find for the defendant.

"IV. That when a party without the consent of the authorities of a city digs or leaves open a dangerous hole or pit in the street and a person is thereby injured, the city will not be liable for such injury unless the nuisance is known, or it has remained a sufficient time so that in the exercise of ordinary care and diligence they ought to have had notice of the dangerous condition of the street.

"V. That a city is only required to keep its streets in a reasonably safe condition, and is not an insurer against accidents."

The court also modified an instruction asked by the plaintiff below as follows:

"The court instructs the jury that if they find from the evidence that Twenty-sixth street was a public thoroughfare, and that the excavation made in said Twenty-seventh and other public thoroughfares was so near Twenty-sixth street as to make it dangerous to travel said street, and that said Martin Cunningham, while passing along said Twenty-sixth street, had a right to expect said street was in a good and safe condition to travel upon, and if said excavation on Twenty-seventh street was made in such close proximity to said Twenty-sixth, and left without barriers, lights, or danger signals to warn travelers approaching of its danger, then you may find the defendant guilty of negligence, and should find for the plaintiff."

As heretofore stated, the exact point, at which Cunningham fell over the bank is not proved, but it is clear that it was near the south end of block 5. The question, therefore, is similar to one where an excavation is made so near a public thoroughfare that persons passing along such thoroughfare are liable to fall in and be injured. In such case the rule is well settled that if a person making the excavation so near the line of a highway that a person lawfully traveling along such highway may accidentally fall into it, it will be the duty of the person making the excavation to erect a barrier as a protection against such accident, and if he fails to do so and persons fall into such excavation and are injured he will be liable therefor, (*Coggswell v. Lexington*, 4 Cush., 307 ; *Alger v. Lowell*, 3 Allen, 402; *Norris v. Litchfield*, 35 N. H., 271 ; *Beck v. Carter*, 68 N. Y., 283; *Stratton v. Staples*, 59 Me., 94 ; *Baltimore, etc., R. Co. v. Boteler*, 38 Md., 568 ; *Davis v. Hill*, 41 N. H., 329 ; *Vase v. Bliss*, 50 Barb., 358 ; *Wettor v. Dunk*, 4 F. & F., 298 ; *Barnes v. Ward*, 2 C. & K., 661 ; Cooley on Torts, 661.)

The testimony whether this excavation was so near the the public street as to require the erection of a barrier to prevent accidents seems to have been fairly submitted to the jury, and there is no error in the instructions.

Second—There is some claim that Martin Cunningham was intoxicated at the time of the injury. No issue of that kind, however, is made in the pleadings and the question cannot be considered. Intoxication is an affirmative defense that, in a case like that under consideration, must be pleaded, and cannot be given in evidence under a general denial. The Code requires each party to state the facts constituting the cause of action or defense or defenses, and this rule should be adhered to.

This court has decided repeatedly that under a general denial the only matter in issue is the truth of the facts stated in the petition.

There is no error in the record and the judgment is

AFFIRMED.

THE other judges concur.