·AUGUSTUS GILCHRIST v. CITY OF SOUTH OMAHA.

FILED FEBRUARY 1, 1893.   NO. 4880.

Municipal Corporations: INJURY FROM DEFECTIVE STREETS: NEGLIGENCE. One G., a non-resident, in passing from the Union Pacific depot in South Omaha to Twenty-third and P streets in said city, in the night season, went east on N street to Twenty-fourth street, then south on Twenty-fourth street nearly to O, when he noticed stairs about ten feet in height in front of a private residence. He ascended the stairs, which he mistook for those on a block near the point of his destination, and in continuing on towards his destination fell into the excavation caused by grading O street in said city, and was severely injured. *Held,* That the proof failed to show negligence on the part of the city.

ERROR from the district court of Douglas county. Tried below before IRVINE, J.

*Winfield S. Strawn,* for plaintiff in error, cited: *Burnham v. Boston,* 10 Allen [Mass.], 290; *South Omaha v. Cunningham,* 31 Neb., 316; *Omaha v. Randolph,* 30 Id., 699; *Lincoln v. Walker,* 18 Id., 250; *Valparaiso v. Donovan,* 28 Id., 406; *Lincoln v. Smith,* 28 Id., 762.

*Charles Offutt, contra,* cited: *Rice v. Montpelier,* 19 Vt., 470; *Cassidy v. Stockbridge,* 21 Id., 319; *Sparhawk v. Salem,* 83 Mass., 30; *Scranton v. Hill,* 102 Pa. St., 378; *Skyes v. Pawlet,* 43 Vt., 446; *Wheeler v. Westport,* 30 Wis., 403; *Kellogg v. Northampton,* 4 Gray [Mass.], 65; *Smith v. Wendell,* 7 Cush. [Mass.], 498; *Howard v. North Bridgewater,* 16 Pick. [Mass.], 189; *Shepardson v. Colerain,* 13 Met. [Mass.], 55; *Goodin v. Des Moines,* 55 Ia., 67; *Blake v. Newfield,* 68 Me., 365; *Chicago, B. & Q. R. Co. v. Barnard,* 32 Neb., 306; *People v. Cook,* 8 N. Y., 67; *Kelsey v. Northern Light Oil Co.,* 45 Id., 509; *Neuendorff v. World Mutual Life Ins. Co.,* 69 Id., 389; *Baulec v. New York & H. Ry. Co.,* 59 Id., 356; *Toomey v. South Coast Ry. Co.,* 3 C. B. n. s. [Eng.], 146; *Hyatt v. Johnston,* 91 Pa. St., 200; *Ryder v. Wombwell,* L. R. 4 Exch. [Eng.], 39; *Schuylkill & Dauphin Improvement Co. v. Munson,* 14 Wall. [U. S.], 442; *Pleasants v. Fant,* 22 Id., 120; *Commissioners of Marion Co. v. Clark,* 94 U. S., 284; *Griggs v. Houston,* 104 Id., 553; *Bagley v. Cleveland Rolling Mill Co.,* 21 Fed. Rep., 159; *Bagley v. Bowe,* 105 N. Y., 179; *Bulger v. Rosa,* 119 Id., 460; *Longley v. Daley,* 46 N. W. Rep. [So. Dak.], 247.

Maxwell, Ch. J.

This is an action to recover for injuries sustained by the plaintiff by falling into the excavation of O and Twenty-fourth streets in the defendant city. Upon the conclusion of the testimony in the court below the court directed the jury to return a verdict for the defendant, which was done, and the action dismissed.

It appears from the record that the plaintiff is a resident of Montgomery county, Iowa; that he had visited South Omaha in April, 1887; that his brother resided on the northwest corner of Twenty-third and P streets in said city; that the streets of said city are numbered from the east side of the city westward, No. 1 being the first street on the east; that the letters of the alphabet are used to designate the streets running east and west, the first street on the north side of the city being A street; that about 8 P. M. on the night of December 3, 1888, the plaintiff reached South Omaha over the Union Pacific railway. He was alone, and undertook to walk to his brother's residence. The night was dark. He followed N street east from the depot to Twenty-fourth street, then went south on Twenty-fourth street nearly to O. At this point he noticed stairs about ten feet in height, leading up from Twenty-fourth street, as graded, to the top of the bank. These stairs were in front of a private residence, and had been erected by the owner thereof to obtain access to his dwelling. The plaintiff, however, ascended the stairs and continued in the direction of his brother's residence, and fell over the perpendicular embankment, about fifteen feet in depth, caused by grading O street. The plaintiff was very severely injured, and if entitled to recover at all the amount claimed probably would not more than compensate him for his injuries. A number of witnesses testify that the plaintiff, soon after the injury, stated that he had mistaken the stairs; that he should have gone another block and then gone up certain stairs, which would have led to his brother's house. This testimony he does not deny.

We have carefully read both the pleadings and proof in this case, and fail to find any evidence of negligence on the part of the city. In *South Omaha v. Cunningham*, 31 Neb., 316, a trail or track, which had been in common use, ran along a deep excavation for a street, was left

without protection or guard, in consequence of which the defendant in error fell into the excavation, and died of his injuries. The court held, and we think properly, that it was the duty of the city to erect barriers to obstruct this trail or way, and as it had failed to do so it was liable. But that case differs from this in its essential facts. It is very evident that the evidence fails to show a right of the plaintiff to recover against the defendant, and there is no error in the record. The judgment is therefore

AFFIRMED.

THE other judges concur.